UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| **Thomas Gladney**, | ) | C/A No. 3:07-1260-JFA-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Report and Recommendation |
| | ) | |
| Stat Farm, Inc., | ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed *pro se*. Plaintiff has filed an Application to Proceed *In Forma Pauperis* in this case. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* 28 U.S.C. § 1915(e)(2)(B); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)(pleadings by non-prisoners should also be screened).

Plaintiff complains that State Farm told him he had "full coverage" on his van when he purchased automobile insurance from State Farm in Columbia, South Carolina, but that when he had a wreck in the van, they said he only had "liability" coverage. He seeks damages for loss of use and towing of his van, repairs required for it, and for injuries to himself and a passenger. Although he lists certain specific items of alleged damage that all add up to $8645, he also states: "damage come too about 30,00, total." Given the required liberal construction of *pro se* pleadings, it is being assumed for purposes of this Report that Plaintiff meant to include another "0" on that "total" and that he is actually requesting $30, 000 in damages. Plaintiff does not allege anywhere in his Complaint that State Farm violated any federal constitutional provision or statute in connection with its handling of his insurance claim.

The only defendant listed by Plaintiff in his Complaint is "Stat Farm Inc" and the only address given for this defendant is "two notch claim no. 408114756 Care Sherika 803 935-3505 7 cycle Tecnology St. Cola." Complaint, at 2. The only summons provided by Plaintiff gives an address for "State Farm" as "Two Notch Rd., Columbia, SC." State Farm's internet website indicates that its automobile insurance "corporate headquarters" is in Bloomington, Illinois, but that it has an agent at 10201 Two Notch Road, Columbia, SC

29229-4387 and a claims office at 7 Technology Circle, Columbia, SC 29203. *See* http://www.statefarm.com.

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint filed by Plaintiff in this case. The review was conducted pursuant to 28 U.S.C. § 1915 (as amended), and other provisions in the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This Court is required to construe *pro se* complaints liberally. Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). The requirement of liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Department of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).[1] Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) due the lack of evident federal jurisdiction over Plaintiff's case.

---

[1] The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in the Complaint filed by Plaintiff in this case do not fall within the scope of either form of this Court's limited jurisdiction, and there is no other possible basis for federal jurisdiction evident.

First, there is clearly no basis for a finding of diversity jurisdiction over this Complaint. The diversity statute, 28 U.S.C. § 1332(a), requires ***complete*** diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332 (emphasis added). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 & nn. 13-16 (1978). Taking the Plaintiff's Complaint and service documents at "face value," this Court has no diversity jurisdiction under 28 U.S.C. § 1332 over this case because according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and the only named defendant

3

are both residents of South Carolina.[2] Furthermore, even if the Court were to disregard the address provided for the defendant by Plaintiff and then liberally construe his Complaint as intending to name State Farm Insurance Company headquartered in Bloomington, Illinois as the defendant in this case so as to indicate diversity of citizenship, there still would be no diversity jurisdiction shown on the face of the Complaint. Even if there is diversity of citizenship of the parties, there still must be at least $75, 000.00 in controversy the case for there to be diversity jurisdiction in this Court. As stated above, the highest amount of damages sought under the Complaint filed by Plaintiff is $30,000.00. This indicates that there is an insufficient amount in controversy to permit this case to proceed in this Court under its diversity jurisdiction, regardless of whether or not the parties have diverse citizenship.

Second, it is clear that the essential allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint involves a routine insurance coverage dispute. Generally, such insurance contract disputes are a matter of state law to be heard in the state courts, unless diversity of citizenship is present. *See Nationwide Mut. Ins. Co. v. Erwood*, ___ S.E.2d ___, 2006 WL 4457205 (S.C. 2007); *Garnett v. WRP Enters.*, 368 S.C. 549, 630 S.E.2d 44 (Ct. App. 2006); *see also Howell v. U.S. Fid.& Guar. Ins. Co.*, 370 S.C. 505, 636 S.E.2d 626 (2006)(certified question to S.C. Supreme Court on insurance coverage filed under diversity jurisdiction in federal court).

As stated previously, Plaintiff's allegations do not contain any reference to alleged violation of any federal statute or constitutional provision by State Farm, nor is any type of federal question jurisdiction otherwise evident from the face of the Complaint. Even if Plaintiff had made assertions that federal rights were violated, this Court would not be bound by such allegations and would be entitled to disregard them

---

[2] Even though the named defendant appears to be a corporate entity and not a human being, based on the Columbia, South Carolina address provided for the defendant by Plaintiff, that corporate entity appears to be a "resident" of South Carolina as that term is legally understood. *See Huggins v. Winn-Dixie Greenville, Inc.*, 233 F.Supp. 667 , 669 (D. S.C. 1964).

if the facts did not support Plaintiff's contentions. When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction is present, a federal court is not bound by the parties' characterization of a case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." *Lyon v. Centimark Corp.*, 805 F. Supp. 333, 334-35 (E.D. N.C. 1992); see *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149 (1908); *cf. Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109 (1936)("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."); *Bonner v. Circuit Ct. of St. Louis*, 526 F.2d 1331, 1336 (8th Cir. 1975)(federal constitutional claims are cognizable in both state courts and in federal courts: "Congress and the federal courts have consistently recognized that federal courts should permit state courts to try state cases, and that, where constitutional issues arise, state court judges are fully competent to handle them subject to Supreme Court review."). In the absence of either diversity or federal question jurisdiction over the parties' dispute, this case should be summarily dismissed without issuance of process for the named defendant.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See United Mine Workers v. Gibbs,* 383 U.S. 715 (1966); *see also* Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). Plaintiff's attention is directed to the important notice on the next page.

                                          Respectfully submitted,

                                          s/Joseph R. McCrorey
                                          United States Magistrate Judge

May 10, 2007
Columbia, South Carolina

5

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).